UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCHESKY GARAY,

    Plaintiff,

v.                            CASE NO.: 6:25-cv-254

BLUE PATH ABA, INC. f/k/a APPLIED   **JURY TRIAL DEMANDED**
BEHAVIOR CENTER FOR AUTISM,
INC., a Florida Profit Corporation; and
HYNDI KHOMUTETSKY, an individual.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, FRANCHESKY GARAY ("Plaintiff"), through undersigned counsel, and sues BLUE PATH ABA, INC. f/k/a APPLIED BEHAVIOR CENTER FOR AUTISM, INC., ("Defendant BLUE PATH"), and HYNDI KHOMUTETSKY ("Defendant KHOMUTETSKY") (Collectively "Defendants"), and in support states as follows:

### Jurisdiction and Venue

1.    This is an action for damages by Plaintiff, against his former employers for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

1

2.     Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this district.

## Parties and Factual Allegations

3.     Plaintiff GARAY was employed by Defendants from Summer of 2005 until on or around August 27, 2024.

4.     Plaintiff GARAY was paid on an hourly basis and held the title of "Registered Behavioral Technician."

5.     Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

6.     Plaintiff was classified as a FLSA non-exempt employee.

7.     Defendant BLUE PATH operates a business located in Seminole County, Florida.

8.     Defendant BLUE PATH is an enterprise engaged in interstate commerce with annual gross business revenue of $500,000.00 or more.

9.     Defendant KHOMUTETSKY is an individual who is a corporate officer and held a supervisory and managerial position with the company.

2

10.    Defendant KHOMUTETSKY exercised direct operational control and authority over Plaintiff's compensation and workload.

11.    Defendant KHOMUTETSKY was involved in the day-to-day operations of Defendant BLUE PATH.

12.    Defendant KHOMUTETSKY acted directly in the interest of Defendant BLUE PATH with respect to Plaintiff's employment.

13.    Defendants are employers of Plaintiff as defined by 29 U.S.C. § 203(d).

14.    On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times his regular rate of pay.

15.    At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendants were aware and suffered or permitted the same.

16.    During all relevant times, Plaintiff worked approximately fifty (50) hours per week, sometimes over sixty (60) hours in a single workweek.

17.    Plaintiff sustained damages from Defendants' failure to pay overtime compensation.

18.    Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and agreed to pay attorneys' fees and costs for its services.

## COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

19. Plaintiff repeats and incorporates by reference each allegation set forth in Paragraphs 1 through 18 above, as if fully set forth herein.

20. Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e).

21. Plaintiff was classified as a non-exempt employee under the FLSA.

22. Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

23. Defendants were employers of Plaintiff as defined by 29 U.S.C. § 203(d).

24. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week.

25. Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times his regular rate, for all hours worked in excess of forty (40) hours per week.

26. Defendant was aware of Plaintiff working overtime and knew or should have known Plaintiff was not getting properly compensated for those hours worked.

27.     Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

28.     Defendants' failure to pay the required overtime rate was willful and/or the result of a common policy or plan to which Plaintiff was subjected and resulted in Plaintiff not being paid one-and-one-half times his regular rate for all hours worked in excess of forty (40) hours per week.

29.     Due to Defendants' willful violation of the FLSA a three (3) year statute of limitation applies.

30.     As a result of Defendants' violations of the FLSA, Plaintiff suffered damages.

31.     Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and agreed to pay reasonable attorneys' fees for its services.

**WHEREFORE** Plaintiff demands judgment against Defendant for the following:

A. Unpaid overtime proven to be due and owing;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and

5

E. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 17th day of February 2025.

Mary E. Lytle, Esquire
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, Suite 100
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**

6